ShackelRORD, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court at Clarks-ville, hy complainant, against defendant Quarles, to enforce a vendor’s lien which she had on a house and three lots in the town of Clarksville, for the balance of the purchase money, amounting to $5,414. A de- . cree was entered at the April Term, 1866, directing a sale of the property by the Clerk and Master, on a credit of one and two years, taking bond and security, with interest from date. No sale having been made in pursuance of the decree, at the April Term, 1867, the decree of sale was renewed, and on the 29th of June, 1867, the Clerk and Master, duly advertising as directed by the decree, sold the property, at the court-house in the town of Clarksville, to the highest bidder; at which sale L. Weal became the purchaser of three of the lots. The lot on which the house is situated, being lot No. 1, at $1,501; lot No. 3 at $280; and lot No. 4 at $338, and executed his note with security, as required by the decree, which was duly reported by the Clerk and Master to the October Term, 1867, of the Court. During that term James E. Rice and Wm. A. Quarles filed their petition in said cause, as follows : “James E. Rice proposes to advance the bid made by L. Weal for the house and lot sold by the Clerk and Master in said cause, twenty per cent, on the amount bid, which was $1,501, for a very valuable House and lot on Main street in Clarksville, and the said J. E. Rice offers to give good security for the amount so advanced, and Wm. A. Quarles prays the *617 Court the said advance bid of J. E. Rice be received and the biddings opened.” Upon this petition being filed, the Court decreed the report of the sale be set aside, and the biddings be opened at twenty per cent, offered to be advanced by J. E. Rice; from which decree Weal appealed to this Court.
The question presented for our consideration, is, whether the Chancellor, upon the facts presented in this cause, was authorized, under the rules of law applicable to such cases, to open the biddings? We think not. The sale was made in pursuance of a decree, at the court house, to the highest bidder. The purchaser, Weal, bid off three of the lots. The lot on which the house is situated, at $1,501. The other lots purchased are adjoining.
There is no fact presented in the record, that casts the slightest suspicion on the fairness of the sale. The question is, will the mere advance of twenty per cent., in the absence of all fraud or unfairness in the sale, be sufficient to open the biddings? The question has been frequently before this Court, and the principle seems to be settled, that it is not a matter of course to open the biddings upon the application of a party and the offer of a larger sum. In the case of Donaldson vs. Young & Coke, 7 Hum., 266, the lands had been sold for division. The guardian was sick and unable to attend the sale. The complainant, Donaldson, wrote to the Clerk, the guardian was sick and could not attend, and requested the sale to be postponed; but which was declined by the Clerk, who made the sale. Young & Coke bought the lands for $3,500. Donald *618 son, for himself, and Maney made an application to open the biddings, and offered to advance $1,600. The Court refused to open the biddings, and confirmed the sale; from which there was an appeal. The Court say: “An application to the discretion of the Court to open the biddings in a case like this, will not he yielded to as a matter of course, merely on the ground of inadequacy of price, and an offer to advance fifty per cent, on the bids.” Many cases might be cited where the circumstances attending a Master’s sale would be calculated to diminish the price of the property, so as to make it proper to set aside the sale and open the bid-dings, which in a private sale would not be such ground for equitable relief. “The decision of each one must depend on its own circumstances.” The decree of the Chancellor was reversed, and the biddings. were opened. The question came again before this Court in the case of Martin, Smith & Co. vs. Sloan, 11 Hum., 278, in which the authorities are reviewed in that case.
There was a mistake in the quantity of land sold. The petitioners were sureties for the owners of the land, and had a specified lien as surety. It was sold, by a decree, for the payment of the debt. Sloan became the purchaser, at a certain price per acre, which, at the estimated value, brought the amount of the debt for which they were sureties. When run out, there was a deficit of fifty acres. These facts were unknown to the parties at the sale. Taking the estimated quantity, there was sufficient to pay the debt for which they had a lien. It left a deficit, selling it by the acre, of about $400. Under this state of facts, the Court open *619 ed the biddings. The Court say, that, although it is not a matter of course to open the biddings on the application of a party, and the offer of a larger sum; yet it is the duty of the Chancellor to see that sales under his order he fairly conducted, and under such circumstances as will insure the best price for the property sold. Each case must depend on its own circumstances. We do not think it is for the interest of parties, that the sale of the Master should he set aside for slight causes. Such a practice would deter bidders, as they would have no assurance that they would get the property that might be struck off to them. There should, therefore, in every case where such sale is set aside, be special circumstances rendering it inequitable to confirm the sale. It is insisted, a different rule has been established by this Court in the case of J. A. & E. W. Coffin vs. Walker, 1 Cold., 194; that a mere advance on the bid alone is sufficient. In that case, the report of sale had been confirmed, and it was an application to open the biddings; the purchasers were made parties; they answered, and denied all fraud and collusion; no fraud was proven in the case; the Chancellor opened the biddings; from which there was an appeal. The decree of the • Chancellor was reversed. The Court, in commenting on the principle, say: “before confirmation, the biddings will be opened for slight causes — advance upon the price bid, alone, is sufficient. This was the expression of the special Judge delivering the opinion of the Court, intended to refer to the English rule, and not necessary to the decision of the case under consideration, or intended to change the rule *620 heretofore adopted in this State. In cases of application to open biddings, before confirmation in such cases, the settled rule is, that although it is not a matter of course to. open biddings upon the application of a party, and the offer of a larger sum; yet it is the duty of the Chancellor to see that sales made under his order be fairly conducted, and under such circumstances as to insure the best price for the property sold.” Therefore, there should, in every case where such sale is set aside, be special circumstances rendering it inequitable to confirm the sale.
No such circumstances existing in this case, the decree of the Chancellor will be reversed, the report of the Clerk, of sale to Weal confirmed, and the cause remanded.